**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ANTHONY C. SANDERS,

       Plaintiff,

v.                                                                  Case No.  4:18-cv-483-MW/MJF

JOHN DOE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff paid the initial partial filing fee (Doc. 22), and his complaint is before the court for screening. *See* 28 U.S.C. § 1915A(a). The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

**I.      Background**

Plaintiff Anthony Sanders is an inmate of the Florida penal system confined at Taylor Correctional Institution in Perry, Florida. Sanders is suing three prison officials at Hamilton Correctional Institution in Jasper, Florida, claiming that on July 8, 2018, they were deliberately indifferent to his safety when they failed to prevent an inmate assault. According to Sanders, the inmate "was walking laps with his weapons out in plain view" prior to the attack. (Doc. 1, p. 6 in ECF). As relief, Sanders seeks damages and a declaration that his constitutional rights were violated. (*Id*., p. 7 in ECF).

**II.     Discussion**

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. All of the Defendants reside in Jasper, Florida, which is located in the Middle District. (Doc. 1, p. 2 in ECF). The events giving rise to Sanders's claim occurred in Jasper, Florida (in the Middle District), and sources of proof Sanders identifies (video footage and witnesses) are located there. (*Id.*, pp. 5-6 in ECF). As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of court close this case file.

At Pensacola, Florida, this 26th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.