```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

ANTHONY C. SANDERS,

        Plaintiff,

v.                                    Case No. 3:19-cv-1029-J-39MCR

JUSTIN B. WALKER, et al.,

        Defendants.

_____

## ORDER

### I. Status

Plaintiff, Anthony C. Sanders, an inmate of the Florida Department of Corrections (FDOC), is proceeding on a civil rights complaint (Doc. 1; Compl.) against three corrections officers. Plaintiff alleges Defendants failed to protect him from an inmate attack that occurred on July 8, 2018, at Hamilton Correctional Institution. See Compl. at 5. He seeks nominal, compensatory, and punitive damages. Id. at 7.

Before the Court are Defendants' motions to dismiss (Docs. 47, 52). Plaintiff has responded to the motions (Docs. 51, 53).

### II. Complaint Allegations

Plaintiff alleges he was "viciously attacked [at 1:00 a.m.] by another inmate who was highly impaired on K-2 spice and molly" and had been "randomly attacking other inmates." See Compl. at 5. Plaintiff alleges Defendants Mitchell and Latson "watched the entire incident from the officer's station," and did not attempt

to intervene for at least 4.5 minutes. Id.

The inmate-aggressor hit Plaintiff with a lock and stabbed him with a piece of metal. Id. at 6. After the attack, Plaintiff armed himself with a lock in his canteen bag, though he never had to use it. Id. at 5. Plaintiff was later disciplined for possessing a weapon. Id. at 6. Plaintiff alleges Defendants failed to protect him, in violation of the Eighth Amendment, and further asserts Defendant Mitchell violated his due process rights by falsifying a disciplinary report and "withholding favorable evidence." Id. at 6-7.

Unlike his allegations against Defendants Latson and Mitchell, Plaintiff does not allege Defendant Walker also watched the attack from the officers' station; rather, it appears Plaintiff names Defendant Walker in his role as a supervisor or a potential witness. Id. at 6. For instance, Plaintiff alleges Defendant Walker, as the officer in charge, was advised of the incident shortly after it occurred, and Defendant Walker told Plaintiff he reviewed the video feed, which showed the inmate-aggressor "walking laps with his weapons out in plain view" while Plaintiff was sleeping. Id. Plaintiff contends, "This whole incident could have been prevented had staff on duty . . . observed the inmate walking laps around the sleeping area with both of his weapons clearly visible and took preventative measures to ensure my safety." Id.

### III. Defendant Latson's Motion

Defendant Latson seeks dismissal of Plaintiff's complaint for Plaintiff's failure to exhaust administrative remedies and failure to state a claim (Doc. 47; Latson Motion). See Latson Motion at 2. Additionally, Defendant Latson invokes qualified and Eleventh Amendment immunities and asserts Plaintiff is not entitled to punitive damages. Id. at 11-12. Because an exhaustion defense is a matter in abatement, the Court addresses it first.

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford v. Ngo, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). Nevertheless, prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." See Jones, 549 U.S. at 216.

Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies. Woodford, 548 U.S. at 93. As

3

such, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Id. Generally, to properly exhaust administrative remedies, a Florida prisoner must complete a three-step process as fully set forth in the Florida Administrative Code (FAC). See Fla. Admin. Code r. 33-103.001 through 33-103.018. First, a prisoner must file an informal grievance. See Fla. Admin. Code r. 33-103.005. If the informal grievance is denied, the prisoner must file a formal grievance at the institution level. See Fla. Admin. Code r. 33-103.006. Finally, if the formal grievance is denied, the prisoner must appeal to the Office of the Secretary of the FDOC. See Fla. Admin. Code r. 33-103.007.

When confronted with an exhaustion defense, courts in the Eleventh Circuit employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted) (citing Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008)).

Defendant Latson maintains Plaintiff did not properly exhaust his administrative remedies because he filed only one grievance—a formal grievance to the Warden, dated July 18, 2018. See Latson Motion at 6. A review of the grievance (Doc. 47-1; Latson Ex.) shows Plaintiff reported officers were negligent for failing to protect him from an inmate's attack on July 8, 2018, causing him mental anguish and resulting in disciplinary confinement for 60 days. See Latson Ex. at 2.

Plaintiff's grievance was returned to him because he failed to comply with the FAC by writing in the margins and failing to first file an informal grievance or explain why he bypassed that step. Id. at 1. As to the latter deficiency, the grievance responder informed Plaintiff, "The rule requires that you first submit an informal grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of the informal grievance, nor have you provided a valid or acceptable reason for not following the rules." Id. Plaintiff was told he could re-submit his grievance if "within the allowable time frames for processing a grievance." Id.

Defendant Latson asserts Plaintiff did not re-submit his grievance, which means he did not satisfy the three-step grievance process under the FAC. See Latson Motion at 6. In response (Doc. 51; Pl. Resp.), Plaintiff does not dispute this assertion. See Pl. Resp. at 7. In fact, Plaintiff concedes his formal grievance was

5

returned without action, but he seeks to be excused from the exhaustion requirement, contending he was "**hindered** in the grievance process by Corrections Officers that would not provide him with the correct form." Id. (emphasis in original). Plaintiff asserts that he attempted to comply with the rules by submitting a formal grievance form and noting on the form he intended that it be considered an informal grievance.[1]

Dismissal is not warranted under the first step of the Turner analysis because Plaintiff claims the grievance process was unavailable to him—an assertion the Court must credit at this step. See Turner, 541 F.3d at 1082. Accordingly, the Court turns to the second step, which does not require the Court to accept as true Plaintiff's assertion. Instead, the Court is required to "make findings on the disputed issues of fact." Id. at 1082-83. See also Bryant, 530 F.3d at 1376 (holding district courts must act as factfinders when ruling on matters in abatement, such as exhaustion).

Upon review, the Court finds Plaintiff's contention that "Corrections Officers would not provide him with the correct form" is not only vague and conclusory but not credible. Importantly, Plaintiff does not provide any factual detail to support his self-

---

[1] Plaintiff wrote in the top margin of the form he submitted, "informal grievance, security." See Latson Ex. at 2. He did not say why he was submitting an informal grievance using a formal grievance form.

serving assertion. For instance, Plaintiff does not explain the steps he took to obtain an informal grievance form, such as who he asked, how many times he asked, or whether he took other measures to obtain the form.[2] See Pl. Resp. at 7.

Additionally, Plaintiff's assertion lacks credibility in part because he obviously was able to obtain a grievance form, albeit not the one he claims to have requested or needed. If Plaintiff was able to access a grievance form, it undercuts his contention that officers were attempting to hinder or thwart his access to the grievance process. After all, prisoners may initiate the grievance process using a formal grievance under some circumstances. See Fla. Admin. Code r. 3-103.005(1) ("Inmates may skip [the informal grievance] step and initiate the process at the formal institutional level for issues [as enumerated in this section].")

Plaintiff's assertion is further undercut by his failure to expressly mention in his formal grievance why he did not first submit an informal grievance. See Latson Ex. at 1, 2. Even more telling, Plaintiff offers no evidence showing he tried to cure his error by re-submitting his grievance using the proper form or

---

[2] Under the FAC, prisoners have multiple avenues available to them to obtain grievance forms: "[Grievance forms] shall be available as [sic] a minimum from the institutional library, classification department, classification staff, and the housing officer of any living unit or confinement unit." See Fla. Admin. Code r. 33-103.015(2).

7

requesting an extension of time to do so. The FAC provides, "An extension of the . . . time periods shall be granted when it is clearly demonstrated by the inmate . . . that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner." See Fla. Admin. Code r. 33-103.011(2). If Plaintiff was denied the form he needed to comply with the rules, he could have sought an extension until such time as he was able to obtain that form. He did not do so.

Finally, it is implausible that officers would have refused Plaintiff's request for an informal grievance form given the nature of his complaint—that a few unnamed officers were negligent in their duties—and given employees are subject to disciplinary action for "obstructing an inmate's access to the grievance process." See Fla. Admin. Code r. 33-103.017(1). However, even accepting that some officers refused to give Plaintiff an informal grievance form, Plaintiff does not explain why he could not have obtained the form through other means, why he did not disclose in his formal grievance that officers would not give him the form he needed, or why he did not seek an extension of time to file a proper grievance in compliance with the rules.[3]

---

[3] Notably, the grievance response indicates Plaintiff was previously warned at least twice about his failure to follow the grievance-filing rules, suggesting a pattern of non-compliance: "Records indicate [Plaintiff's] issue of writing outside the

For the above reasons, Plaintiff's self-serving, conclusory assertion that the grievance process was unavailable to him fails to save his claim from the mandatory exhaustion requirement. See, e.g., Bryant, 530 F.3d at 1377 (finding no clear error in the district court's conclusion that the plaintiff had access to grievance forms despite his assertion to the contrary). As such, Plaintiff's complaint is subject to dismissal.[4]

Accordingly, it is now

**ORDERED**:

1. Defendant Latson's motion to dismiss (Doc. 47) is **GRANTED** to the extent Plaintiff's complaint is **dismissed without prejudice** for his failure to properly exhaust his administrative remedies.

2. Defendants Walker and Mitchell's motion to dismiss (Doc. 52) is **DENIED as moot.**

3. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

---

boundaries of space provided was previously addressed" in response to two other grievances. See Latson Ex. at 1.

[4] Because the Court finds Plaintiff did not exhaust his administrative remedies, the Court need not address Defendant Latson's remaining arguments or Defendants Walker and Mitchell's motion.

9

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of September 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Anthony C. Sanders
Counsel of Record